## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **DANIEL JACKSON #603261** | § | |
| | § | |
| **V.** | § | **A-14-CA-1059-SS** |
| | § | |
| | § | |
| **GENERAL MOTORS LLC** | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

Before the Court is Plaintiff Daniel Jackson's Complaint, filed on November 21, 2014 (Dkt. No. 1).  The Court submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

On January 7, 2015, the Court granted Jackson's Motion to Proceed *In Forma Pauperis.*  See Order (Dkt. # 7).  Because Jackson has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under 28 U.S.C. §1915(e)(2)(B) to determine whether the action is "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

### I.  STANDARD OF REVIEW

Dismissal of a claim as frivolous under Section 1915(e) is permissible where the claim lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013).  "A complaint lacks an arguable basis in fact

if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Id.*

A dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) is reviewed under the same standard of review applicable to dismissals made pursuant to Fed. R. Civ. P. 12(b)(6). *DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011). A complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## II.   ANALYSIS

Jackson is currently incarcerated in Green Bay Correctional Institution in Green Bay, Wisconsin for various state law offenses. Notwithstanding this, Jackson has filed this federal lawsuit against "General Motors LLC" ("General Motors") here in Austin, Texas, purporting to allege claims under the Lanham Act, 15 U.S.C. § 1125(a), and the Magnuson-Moss Warranty Act, 15 U.S.C. § 23(d)(1). In addition to these federal claims, Jackson alleges state laws claims of strict liability, fraud, unfair trade practices and breach of contract. Specifically, Jackson alleges that he is the owner of a 2008 Chevy Impala Super Sport automobile which is currently under recall by General Motors

for various defects and contends that those alleged defects "increase the danger of collision that is certain to result in death."  Dkt. No. 1 at 1.

The Court lacks subject matter jurisdiction over this case.  An actual "case or controversy" must exist before a federal court can properly exercise subject matter jurisdiction. U.S. CONST. Art. III, § 2, cl. 1.  Standing is an element of the "case or controversy" requirement, and lack of standing deprives the district court of subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The "irreducible constitutional minimum of standing" is comprised of three requirements: (1) the plaintiff must suffer an injury in fact—"an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) the plaintiff's injury must be "fairly traceable to the challenged action of the defendant"; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.*  The party invoking federal jurisdiction bears the burden of establishing these three requirements. *Id.*

Jackson cannot demonstrate standing in this case because he has not suffered an injury in fact.  Jackson alleges that his car's defects may cause him injury in the future.  "Allegations of possible future injury do not satisfy the requirements of Art. III." *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990).  Accordingly, he has failed to demonstrate that he has standing to pursue this federal lawsuit.

Even if Jackson had demonstrated standing,  the Court would nevertheless dismiss his case because he has failed to allege a viable claim for relief.  For example, Jackson alleges that General Motors has somehow violated § 1125(a) of the Lanham Act.  However, this provision of the Lanham Act creates a federal cause of action for unfair competition by prohibiting the use in interstate

commerce of any "false designation of origin, or any false description or representation, including words or other symbols tending falsely to describe or represent the same." 15 U.S.C. § 1125(a).  In order to prevail on claim under this provision, a plaintiff has the burden of showing: (1) that he had trademark rights in the mark or name at issue and (2) that a defendant adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two. *Lott-Johnson v. Studio 620,* 2011 WL 3468372, * 3 (N.D. Ga. Aug. 8, 2011).  See also, *Friederichs v. Gorz,* 624 F. Supp.2d 1058, 1063 (D. Minn. 2009) (holding that false advertising claims not involving misuse of trademark are actionable under Lanham Act only when brought by competitors of wrongdoer).  Jackson's unhappiness with General Motors due to the  recall of his car is clearly not the type of claim designed to be remedied by the Lanham Act.  Jackson's case does not involve the misuse of a trademark by a competitor and thus fails to state a claim on which relief may be granted.  *Id.*

Jackson also alleges a claim under the Magnuson–Moss Warranty Act.  This Act provides a civil claim for relief for consumers who are damaged by a supplier or warrantor's failure to comply with its obligations under a written or implied warranty or under the Act in issuing such a warranty. 15 U.S.C. § 2310(d)(1).  In order to state a claim under the Act, a plaintiff must demonstrate that he or she actually suffered an injury and, specifically, that (i) the item at issue was subject to a warranty; (ii) the item did not conform to the warranty; (iii) the seller was given reasonable opportunity to cure any defects; and (iv) the seller failed to cure the defects within a reasonable time or a reasonable number of attempts. *Temple v. Fleetwood Enters., Inc.*, 133 F. App'x 254, 268 (6th Cir. 2005); *Coghlan v. Aquasport Marine Corp.*, 73 F. Supp.2d 769, 773-74(S.D. Tex. 1999).  In addition, the plaintiff must show that the amount in controversy is at least $50,000.00. *Scarlott v. Nissan North*

4

*America, Inc.*, 771 F.3d 883, 887 (5ᵗʰ Cir. 2014). Jackson cannot demonstrate any of the above-elements. Most detrimental to his claim is the fact that Jackson has failed to allege that he suffered any actual injury in this case. Rather, he alleges that the alleged defects in his car put him at increased risk of possible future injury. This is insufficient to state a valid claim under the Magnuson–Moss Warranty Act. *See Coghlan*, 73 F. Supp.2d at 773-74 (holding that boat owners, who discovered that the deck of their fishing boat was composed of plywood encased within fiberglass rather than all fiberglass, could not maintain suit against manufacturer under Magnuson–Moss Warranty Act since they failed to allege actual concrete and palpable injuries required to state a claim for relief and merely complained of possible future injury). In addition, Jackson fails to allege any of the specific elements listed above to allege a claim under the Act or that the amount in controversy is at least $50,000.00. Accordingly, his claim under the Magnuson–Moss Warranty Act also fails.

Jackson's state law claims also fail because Texas law requires a plaintiff to show actual injury to pursue a claim. *See Martin v. Home Depot U.S.A., Inc.*, 369 F. Supp.2d 887, 890 (W.D. Tex. 2005) (citing *Martin v. Ford Motor Co.*, 914 F. Supp. 1449, 1455 (S.D. Tex.1996) (Texas law precludes a claim where there is no injury). As noted, Jackson does not contend that he has sustained any actual physical injury in this case and thus his state law claims fail as a matter of law.

### III. RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Court **RECOMMENDS** that the District Court **DISMISS** Daniel Jackson's lawsuit as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of March, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE